# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Garland E Williams, | No. CV-18-00007-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Garland E Williams's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Having determined that Plaintiff is unable to pay the Court's fees, the Court would grant the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1, Compl.) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Plaintiff fails to state a claim. Thus, the Court dismisses the Complaint.

**I.     LEGAL STANDARD**

   **A.     28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis*

proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison*, 668 F.3d at 1112 (citation omitted).

## II. ANALYSIS

In the Complaint, Plaintiff alleges that the Honorable Ivan L. R.. Lemelle, Senior District Court Judge in the Eastern District of Louisiana, deprived Plaintiff's right to procedural due process by "neglect[ing] . . . plaintiff's submitted motions." (Compl. at 5.) Plaintiff also names the Clerk of Court for the Eastern District of Louisiana as a Defendant. Although largely unintelligible, the acts alleged in Plaintiff's Complaint appear to stem from a case litigated before Judge Lamelle, *Williams v. Department of Children & Family Services*, No. 16-cv-15866 (E.D. La.).

Judges enjoy absolute immunity from suits for damages brought based on a "judicial act," such as those acts "involved in resolving disputes between parties." *Forrester v. White*, 484 U.S. 219, 225–27 (1988). In addition to "protecting the finality of judgments" and "discouraging inappropriate collateral attacks," judicial immunity

| | |
|---|---|
| 1 | "protect[s] judicial independence by insulating judges from vexatious action prosecuted |
| 2 | by disgruntled litigants." *Id.* at 225 (citing *Bradley v. Fished*, 80 U.S. (13 Wall.) 335, 348 |
| 3 | (1871)). Thus, this immunity extends even to court clerks, who "have absolute quasi- |
| 4 | judicial immunity from damages for civil rights violations when they perform tasks that |
| 5 | are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for the Dist. of |
| 6 | Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987). |

Plaintiff's Complaint challenges the rulings in Plaintiff's prior case in the Eastern District of Louisiana, which are "paradigmatic judicial acts." *See Forrester*, 484 U.S. at 227. Thus, absolute judicial immunity bars any claim for damages against either Defendant. *Id.* Although Plaintiff may be unhappy with the outcome of those proceedings, this Court is not a proper venue to challenge the correctness of those rulings. Because Defendants enjoy absolutely immunity, Plaintiff's Complaint cannot be cured. Therefore, the Court will dismiss the Complaint with prejudice.

IT IS THEREFORE ORDERED dismissing Plaintiff's Complaint (Doc. 1) with prejudice.

IT IS FURTHER ORDERED denying as moot Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and Plaintiff's Motion to Allow Electronic Filing (Doc. 4).

IT IS FURTHER ORDERED directing the Clerk of the Court to close this case.

Dated this 13th day of February, 2018.

Honorable John J. Tuchi
United States District Judge